IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                )
                                      )
DAWN BANKS                            )    BANKRUPTCY NO. 15-12369
                                      )    CHAPTER 13
                                      )
              Debtor                  )
                                      )
_____)
DAWN BANKS                            )
                                      )
              Plaintiff               )
v.                                    )
                                      )
U.S. DEPARTMENT OF HOUSING            )
AND URBAN DEVELOPMENT                 )
              Defendant               )

## STIPULATED ORDER DETERMINING THE EXTENT OF THE SECOND LIEN OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

Plaintiff, Dawn Banks, (hereinafter referred to as Debtor or Plaintiff) and United States Department of Housing and Urban Development (hereinafter referred to as Defendant or HUD), by and through undersigned counsel, hereby consent to the entry of the following ORDER:

IT IS HEREBY ORDERED that Defendant has a valid Mortgage, dated May 9, 2009, on the Debtor's real property, commonly known as 6220 N. 3rd Street, Philadelphia, PA 19120. A security instrument has been given to the Secretary of Housing and Urban Development (Defendant), conveying to Defendant as beneficiary a lien on the following to wit:

> BEING the same premises which Mary Drohomirecky, by deed dated October 27, 2004, and recorded November 2, 2004 in the Office of the Recorder of Deeds In and for the County of Philadelphia, Pennsylvania, as Instrument No. 51048916

JAN/26/2016/TUE 14:01    F Reigle Ch 13 Trustee    FAX No. 610 779 3637    P. 003

Conveyed unto Steven Drohomirecky in fee.

IT IS FURTHER ORDERED that Defendant shall have an allowed unsecured claim in the amount listed on the attached Proof of Claim and said claim shall be incorporated in the Debtor's Chapter 13 plan.

IT IS FURTHER ORDERED that, upon successful completion of the Chapter 13 Plan and receipt of an Order of Discharge, the Mortgage shall be terminated and released.

IT IS FURTHER ORDERED that in the event the Plaintiff refinances the loan on the subject property or sells the subject property prior to the completion of the Chapter 13 case and receipt of a Chapter 13 discharge, the Mortgage will be paid in full at closing unless a lesser amount is agreed to by the parties.

IT IS FURTHER ORDERED that, in the event Debtor fails to complete the Chapter 13 Plan and obtain a Chapter 13 discharge order in the above-captioned bankruptcy this order does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of the Debtor either to compel the holder of the Mortgage to execute a discharge of the Mortgage or to otherwise act as a discharge of the Mortgage.

IT IS FURTHER ORDERED that, upon completion of the Debtor's Chapter 13 Plan and the entry of a Chapter 13 discharge order, the Debtor may record a certified copy of this order, with a copy of the Debtor's Chapter 13 discharge order, attached in the property records of the county, which will constitute and effectuate the release and discharge of the Mortgage.

IT IS SO ORDERED.

Date: _____

HON. Stephen Raslavich
United States Bankruptcy Judge
Entered on Docket:

WE ASK FOR THIS:

*/s/ Zane David Memeger*

ZANE DAVID MEMEGER
United States Attorney
Richard Bernstein
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
Counsel for United States of America

*/s/ Stephen M. Dunne*

Stephen M. Dunne
Dunne Law Offices
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-551-7109
Counsel for the Debtors

SEEN:

*/s/ Polly A. Langdon*

Frederick L. Reigle
2901 St. Lawrence Avenue
P.O. Box 4010
Reading, PA 19606
Chapter 13 Trustee